Yong Liang CHEN, Petitioner,

v.

Alberto GONZALES,[1] Respondent.

No. 03–40551–AG.

United States Court of Appeals, Second Circuit.

Nov. 18, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Peter Lobel, New York, New York, for Appellant.

H.E. (Bud) Cummins, United States Attorney for the Eastern District of Arkansas (by Linda B. Lipe, Assistant United States Attorney), Little Rock, Arkansas, for Appellee.

Present: CARDAMONE, JACOBS, and B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED, and that any outstanding motions be DENIED as moot.

Yong Liang Chen, a native and citizen of China, petitions this Court for review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") and ordering him removed to China. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review the factual findings of the IJ and the BIA under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (citation omitted).

In order to be eligible for asylum, an applicant must show that he or she has suffered past persecution or has a well-founded fear of future persecution based on race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). To be eligible for withholding of removal, a mandatory form of relief, an applicant must show that it is more likely than not that his or her life or freedom would be threatened based on one of the five categories for obtaining asylum. *See* 8 U.S.C. § 1231(b)(3); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). To obtain CAT relief, the applicant must show that he or she would more likely than not be tortured in the country of removal. *See Khouzam v. Ashcroft,* 361 F.3d 161, 168 (2d Cir.2004).

■ The IJ's adverse credibility finding was supported by substantial evidence, because the petitioner's testimony was inconsistent with respect to, *inter alia*, the reasons he was fined (whether for an illegal marriage, an illegal pregnancy, or both), the time he was given in which to pay his fine, the lack of consequences for his nonpayment (despite his alleged fear of arrest or persecution based on that nonpayment), whether he was beaten or slapped during his argument with family planning officials, and the circumstances surrounding the discovery of his partner's pregnancy and abortion. In light of the inconsistencies and repeated changes in petitioner's testimony, a reasonable fact-finder would not have been compelled to credit the testimony. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). We need not consider whether the IJ correctly refused to admit certain documents into evidence. Because the IJ's credibility finding was independent of its evidentiary rulings, even the documents' admission would not have affected the conclusion that petitioner's testimony was implausible and incredible. *See Zhang v. INS*, 386 F.3d 66, 78 (2d Cir.2004). Moreover, because the IJ's independent credibility finding is determinative of petitioner's asylum claim, we also need not consider the correctness of the IJ's conclusion that, because petitioner was not legally married, he was not eligible for asylum based on his partner's forced abortion, an open question in this circuit. *See Shi Liang Lin v. DOJ*, 416 F.3d 184, 192 (2d Cir.2005).

■ Because petitioner failed to establish entitlement to asylum, his application for withholding of removal was properly denied. *See Tian–Yong Chen v. INS.*, 359 F.3d 121, 127 (2d Cir.2004). In addition, because petitioner has not challenged the BIA's denial of his application for CAT relief in his brief before this Court, he has waived any challenge to that portion of the BIA's order. *See, e.g., Davis v. New York*, 316 F.3d 93, 102 n. 5 (2d Cir.2002). In any event, the IJ correctly found that petitioner failed to present evidence to establish that it is "more likely than not" that he will be tortured if he is removed to China. *See Khouzam*, 361 F.3d at 168.

For the foregoing reasons, the petition for review is DENIED.